**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUJA AHMED, | No. C 11-0436 |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| WELLS FARGO BANK & CO., *et al.* | |
| Defendants. | |

On May 6, 2011, the motion of defendants Wachovia Mortgage, a division of Wells Fargo Bank N.A., and Golden West Savings Association Service Co. (collectively "Wachovia") to dismiss the complaint and to strike certain portions of the complaint came on regularly for hearing. Defendant NDEX West, LLC ("NDEX West") joined in the motion. Plaintiff Shuja Ahmed did not file a response, nor did plaintiff appear at the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS defendants' motion to dismiss and DENIES as moot defendants' motion to strike.

**BACKGROUND**

On approximately October 1, 2007, plaintiff obtained a loan from World Savings Bank, FSB (a predecessor of Wachovia) in the amount of $776,000. The loan was secured by a deed of trust against property located at 35959 Nickel Street, Union City, California (the "subject property"). (Complaint ¶¶ 1, 7; Request for Judicial Notice ("RJN"), Ex. E.)

Plaintiff stopped making mortgage payments and a notice of default was recorded on July 14, 2009 stating that plaintiff owed $33,689.13 in arrears. (RJN, Ex. F.) On September 18, 2009, a substitution of trustee was recorded naming defendant NDEX West as the new trustee. (*Id.*, Ex. G.) On November 20, 2009, a notice of trustee's sale was recorded. (*Id.*, Ex. H.) The subject property was sold at a trustee's sale on February 16, 2010. (*Id.*, Ex. I.) According to the trustee's deed upon sale, the unpaid debt at the time of sale was $884,094.16 and the amount paid by the grantee at the sale was $604,758.00. (*Id.*)

The complaint alleges that defendants engaged in improper conduct before and during the foreclosure of the subject property. Plaintiff alleges that defendants "engaged in a pattern and practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do not, in fact, have the right to do so." (Complaint ¶ 8.) Among the alleged improprieties are the failure to provide proof of defendants' right to foreclose, the failure to provide an accounting of how the redemption value was calculated, defendants' non-possession of the promissory note at issue, and the use of NDEX West as trustee for the foreclosure sale. (*Id.* ¶¶ 9-10, 14-15, 32.) Plaintiff also alleges that defendants fraudulently represented that plaintiff's home loan would be modified and that the foreclosure sale would be cancelled. (*Id.* ¶ 36.) Plaintiff alleges that he relied on these misrepresentations and took no steps to obtain other funding or cure his delinquency. (*Id.* ¶ 37.)

On December 23, 2010, plaintiff filed a complaint in Alameda County Superior Court that asserted six separate claims styled as wrongful foreclosure, fraud, unfair business practices, intentional infliction of emotional distress, "temporary restraining order, preliminary injunction," and negligence. On January 28, 2011, defendants removed the action to this Court asserting diversity of citizenship.

(Docket No. 1.) Now before the Court are defendants' motion to dismiss and motion to strike portions of the complaint. (Docket Nos. 5, 6.)

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. 4Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

3

the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I.  Judicial Notice

Defendants ask the Court to take judicial notice of two broad categories of official records: (1) four documents reflecting official acts or records of the Office of Thrift Supervision with regard to defendants' status as federally chartered banks, and (2) five documents reflecting certain public records of the Alameda County Recorder's Office regarding the subject property. (RJN, Exs. A-I.) Plaintiff has not objected to these requests.

The Court finds that the documents are suitable matter for judicial notice under Federal Rule of Evidence 201 and GRANTS defendants' request.

### II.  Federal Preemption by the Home Owners' Loan Act

Wachovia and its predecessor, World Savings Bank, are federally chartered savings banks. (RJN, Exs. A-D.) Wachovia argues that all of plaintiffs' claims are therefore preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, *et seq.*, and the regulations promulgated pursuant to that statute by the Office of Thrift Supervision ("OTS"). HOLA was enacted in 1933 to regulate federally charted savings associations. It was a "'radical and comprehensive response to the inadequacies of the existing state system,' and [is] 'so pervasive as to leave no room for state regulatory control.'" *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-05 (9th Cir. 2008) (citing *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1257, 1260 (9th Cir. 1979)).

Pursuant to 12 U.S.C. § 1464, the OTS issued 12 C.F.R. § 560.2, which provides that certain types of state laws are preempted by HOLA. Paragraph (b) of § 560.2 provides a non-exhaustive list of such laws, including state laws that purport to impose requirements regarding "processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages[.]" 12 C.F.R.

4

§ 560.2(b)(10).

A state law of general applicability may also be preempted by HOLA "as applied":

> [T]he first step will be to determine whether the type of law in question is listed in paragraph (b) [of 12 C.F.R. § 560.2]. If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes,
>
> paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

*Silvas*, 514 F.3d at 1004-06 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)).

Wachovia contends that all of plaintiffs' causes of action are preempted under paragraph (b)(1) because they rely exclusively on allegations of improper foreclosure, which involves the "processing, origination, servicing, sale or purchase of . . . mortgages." (Motion at 14-17.) Numerous district courts in this circuit have concluded that claims based on alleged irregularities during the foreclosure of real property are preempted by HOLA. *See, e.g.*, *Giordano v. Wachovia Mortgage, FSB*, 2010 WL 5148428 at *4-5 (N.D. Cal. Dec. 14, 2010); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1031-33 (N.D. Cal. 2010).

In this case, plaintiffs' first, third, fifth and sixth causes of action are each based on alleged defects in the procedure used to foreclose the subject property. The first cause of action for wrongful foreclosure alleges that defendants had no right to foreclose on the subject property because defendants did not possess the promissory note and that the substitution of NDEX West as trustee was invalid. Plaintiff therefore alleges that the foreclosure violated California Civil Code Sections 1624, 2923.5, and 2932.5, and California Commercial Code Section 3302. (Complaint ¶¶ 20, 32.) The third cause of action is styled as a claim for "unfair business practices," but does not state a statutory or common law basis for the claim.[1] Nonetheless, the claim appears to assert that defendants' actions in foreclosing the

---

[1] The third cause of action refers to Section 1788.2 of the California Fair Debt Collection Act, Cal. Civ. Code § 1788.2, but only in reference to that statute's definition of the term "debt collector." (Complaint ¶ 41.) The Complaint does not allege that defendants' actions violated any provision of the California Fair Debt Collection Act.

5

loan constituted an unfair business practice. (*Id.* ¶¶ 41-42.) The fifth cause of action seeks a temporary restraining order and preliminary injunction based on the allegation that defendants "have no right or legal authority to foreclose on the subject property as Defendants are not legal owners of the note and the Trust Deed and are not the lawful trustee."[2] (*Id.* ¶ 47.) The sixth cause of action for negligence alleges that defendants "committed professional negligence in that they purported to act as professionals in providing specific services that resulted in harm to Plaintiff." (*Id.* ¶ 53.) Although the complaint does not specify which actions were purportedly negligent, it appears that this claims also rests on defendants' alleged actions during the foreclosure of the subject property.

Reading the complaint as a whole, the Court concludes that these causes of action are preempted by HOLA. These claims are predicated upon alleged improprieties in the foreclosure procedure used by defendants and therefore affect lending because they involve the "processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages," as defined in 12 C.F.R. § 560.2(b)(10). Under *Silvas*, this raises a presumption that the claim is preempted, which can be overcome only if it can be clearly shown that the claim fits within the confines of paragraph (c). Plaintiff has not done so. Accordingly, plaintiff's first, third, fifth and sixth causes of action are preempted by HOLA.

The Court does not find, however, that plaintiffs' second cause of action for fraud or fourth cause of action for intentional infliction of emotional distress is preempted by HOLA. The second cause of action for fraud alleges that defendants falsely represented that plaintiff's loan would be modified and that the foreclosure sale had been cancelled. (*Id.* ¶ 36.) Similarly, the fourth cause of action for

---

[2] The Court notes that, separate from the issue of preemption, plaintiff's cause of action for injunctive relief fails because, under both California and federal law, injunctive relief is a remedy and not a cause of action. See *City of South Pasadena v. Dep't of Transportation*, 29 Cal. App. 4th 1280, 1293 (1994) ("Injunctive relief is a remedy, not a cause of action."); *Cox Communication PCS, LP v. City of San Marcos*, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002) ("Injunctive relief, like damages, is a remedy requested by the parties, not a separate cause of action."). Thus, a court may only grant injunctive relief if it determines that a plaintiff prevails on some independent cause of action and that equitable relief is appropriate. *City of South Pasadena*, 29 Cal. App. 4th at 1293; *Martone v. Burgess*, 2008 WL 3916022, *4 (N.D. Cal. Aug 25, 2008). Accordingly, whether or not it is preempted by HOLA, plaintiff's claim for injunctive relief must be dismissed.

intentional infliction of emotional distress alleges that defendants' misrepresentations were "likely to cause Plaintiff to incur extreme emotional distress." (*Id.* ¶ 44.) Unlike plaintiff's other claims, neither of these causes of action is based on alleged improprieties in the foreclosure process. Nor do these claims arise from a misrepresentation regarding loan disclosures, interest rates, or some other loan parameter that directly affects lending. *Silvas*, 514 F.3d at 1004-06. Rather, these claims "appear[] to arise from a more 'general duty not to misrepresent material facts,' and therefore [do] not necessarily regulate lending activity." *Becker v. Wells Fargo Bank, N.A.*, 2011 WL 1103439 at *8-9 (E.D. Cal. March 22, 2011) (quoting *DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376 at *1-11 (N.D. Cal. Jan. 28, 2011) (claim asserting false representation that a loan modification would be given was not preempted by HOLA)). As the court noted in *DeLeon*, "Generally . . . when courts find claims of fraud or misrepresentation to be preempted, the allegations are related to inadequate disclosure of fees, interest rates or other loan terms,[] or inadequate notice of various rights and procedures during the foreclosure process." *DeLeon*, 2011 WL 311376 at *6 (citation omitted). "In contrast, when a plaintiff's claim relies on the general duty not to misrepresent material facts, and when application of the law does not regulate lending activity, California district courts have found that the claims are not preempted." *Id.* As in *DeLeon*, the Court concludes that the fraud and intentional infliction of emotional distress claims do not regulate lending activity and therefore are not preempted by HOLA.

Accordingly, defendants' motion to dismiss based on preemption by HOLA is GRANTED as to plaintiff's first, third, fifth and sixth causes of action, and is DENIED as to plaintiff's second and fourth causes of action.

**III.  Sufficiency of the Fraud Claim**

Defendants argue that the fraud claim fails to meet the particularity requirements of Federal Rule of Civil Procedure 9(b). (Motion at 6.) To determine if the elements of fraud have been sufficiently pleaded, the court looks to state law. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). In California, the elements of fraud are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to

7

defraud; (4) justifiable reliance; and (5) resulting damages. *Id.* Vague or conclusory allegations are insufficient to satisfy Rule 9(b)'s particularity requirement. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). To comply with Rule 9(b), fraud allegations must be specific enough to give defendants notice of the particular misconduct that is alleged to constitute the fraud so that they can defend against the claim. *Bly-McGee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). For corporate defendants, a plaintiff must allege "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Dubin v. BAC Home Loans Servicing*, 2011 WL 794995 at *5-6 (N.D. Cal. Mar. 1, 2011); *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).

Plaintiff's fraud claim fails to meet these standards. The sole factual allegations regarding the alleged misrepresentations are as follows:

> Defendants promised and made material misrepresentations to Plaintiff that his home loan would be modified. Defendants also promised and made material representations to Plaintiff that the foreclosure sale had been cancelled and/or set for a future date.

(Complaint ¶ 36.) These allegations fail to state who made the purported representations, their authority to speak on behalf of defendants, to whom they spoke, precisely what was said, and when the representations were made. *Tarmann*, 2 Cal. App. 4th at 157. Moreover, although plaintiff alleges that he relied on the representations and therefore "did not attempt to obtain private loans or make any effort to cure his delinquency," there are no allegations regarding whether such reliance was justifiable. (*See* Complaint ¶¶ 36-39.) These allegations do not meet the particularity requirements of Rule 9(b).

Accordingly, defendants' motion to dismiss the second cause of action for fraud is GRANTED with leave to amend.

**IV.   Sufficiency of the Intentional Infliction of Emotional Distress Claim**

Defendants argue that the complaint fails to plead each of the required elements of an intentional infliction of emotional distress claim. (Motion at 11-12.) In California, the elements of an intentional infliction of emotional distress claim are: "(1) outrageous conduct by defendants, (2) intention to cause

8

or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress." *Board v. Employers Casualty Co.*, 164 Cal. App. 3d 602, 616 (1985). "Outrageous conduct has been defined as conduct that is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community'[] and 'so extreme and outrageous 'as to go beyond all possible bonds (sic) of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.*

The complaint alleges:

> Plaintiff was told by Defendants that his house would not be foreclosed upon. When Plaintiff made further inquires (sic) to Defendants regarding the status of his home, he was told not to worry and that a loan modification was imminent. Moreover, Plaintiff was told that the parties had contracted to modify his loan. However, Defendants were aware that they had no intention of modifying Plaintiff's mortgage and were giving him misrepresentation (sic) so that they could trick him out of his home.

(Complaint ¶ 44.) The complaint further alleges that "Defendants should have known that Defendants' conduct was likely to cause Plaintiff to incur extreme emotional distress." (*Id.*) Given the relationship between the parties, it is at least possible that such intentional misrepresentations could constitute "outrageous" conduct. Plaintiff's allegation that defendants "should have known" of a likelihood of extreme emotional distress, however, cannot establish the required "intention to cause or reckless disregard of the probability of causing emotional distress." In the Court's view, plaintiff's allegations would establish, at most, negligence by defendants as to such a possibility, and are therefore insufficient.

Plaintiff also fails to allege sufficient facts to establish "severe emotional suffering." As California courts have recognized,

> [I]n this context 'severe' means substantial or enduring as distinguished from trivial or transitory. Severe emotional distress means, then, emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it.

*Fletcher v. Western National Life Ins. Co.*, 10 Cal. App. 3d 376, 397 (1970). Thus, in *Bogard v. Employers Casualty Co.*, a California court found allegations insufficient where "although appellants alleged they suffered severe emotional distress, they failed to set forth any facts which indicate the nature or extent of any mental suffering incurred as a result of [defendants'] alleged outrageous

9

conduct." 164 Cal. App. 3d 602, 617-18 (1985). Here, plaintiff alleges only that he "has sustained and will sustain damages and suffered anxiety, worry, mental anguish, and emotional distress, and other incidental damages." (Complaint ¶ 45.) This allegation is insufficient to establish the "severe emotional suffering" necessary to prevail on an intentional infliction of emotional distress claim.

Accordingly, defendants' motion to dismiss the fourth cause of action for failure to state a claim is GRANTED, with leave to amend.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motions to dismiss, with leave to amend the second and fourth causes of action. (Docket Nos. 5, 20.) The Court denies as MOOT defendants' motion to strike. (Docket No. 6.) **Should plaintiff choose to file an amended complaint, it shall be consistent with the terms of this order and must be filed on or before <u>June 3, 2011</u>.**

**IT IS SO ORDERED.**

Dated: May 9, 2011

SUSAN ILLSTON
United States District Judge

10